# Abbott *against* Lyon.

In a *scire facias* upon a recognizance of bail, the defendant cannot, under the plea of payment, take advantage of any want of form or substance in the recognizance given in evidence to support the writ which recited one in due and proper form.

ERROR to the Common Pleas of *Susquehanna* county.

David Lyon against Benjamin Abbott. This was a *scire facias* upon a recognizance entered into by the defendant as security for Selah Abbott, upon an appeal from the judgment of a justice of the peace. The writ recited a recognizance in due form according to the terms of the Act of Assembly; to which the defendant pleaded " payment, with leave," &c. upon which issue was joined. The recognizance given in evidence was drawn up at full length by the justice, but omitting the provision for the surrender of the princi-

[Abbott v. Lyon.]

pal in discharge of the recognizance. The defendant asked the court to instruct the jury that this omission was fatal to the plaintiff's recovery. But the court (Jessup, President), was of a different opinion, and directed a verdict for the plaintiff.

*Richards* and *Case,* for plaintiff in error, referred to the Act of 1810, section 5; 2 *Watts* 103; 10 *Serg. & Rawle* 325.

*Lusk, contra,* argued that no such advantage as the plaintiff in error now claimed, could be taken under the pleadings in the cause, and without an exception to the evidence. 2 *Watts & Serg.* 261.

PER CURIAM. — Whatever might have been the effect of the recognizance in evidence on an objection to it raised by the pleadings, it is sufficient that the existence of an unexceptionable one is averred in the *scire facias,* and admitted by the plea of payment. To maintain the issue formed by this plea, it was the defendant's business to begin; and as it was unnecessary for the plaintiff to show any recognizance in evidence, advantage could not be taken of the variance between the actual one and that set out in the *scire facias.* Had the cause of action been truly stated, the question of its sufficiency might have been raised by demurrer; but being untruly stated, the same thing might have been done by *nul tiel record :* but as the defendant has confessed the existence of a valid recognizance, and restricted his defence to the plea of payment, the effect of the actual recognizance was not in issue.

Judgment affirmed.